

**SO ORDERED.**
**SIGNED this 17th day of February, 2017**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:  DERON  LITTLE                                # 16-31247-SHB
                                                     Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The chapter 13 plan having been transmitted to scheduled creditors, and it having been determined that plan as finalized complies with 11 U.S.C. § 1325 and should be confirmed, the court directs the following:

1. The plan, a copy of which is attached, is confirmed;
2. Property of the estate does not vest in the debtor(s) until completion of the plan;
3. The attorney for the debtor(s) is awarded the fee set forth in the plan; and
4. All pending objections to confirmation, if any, are resolved, withdrawn, or overruled.

### # # #

APPROVED FOR ENTRY:

/s/ Gwendolyn M. Kerney
GWENDOLYN M. KERNEY
Chapter 13 Trustee
P.O. Box 228
Knoxville, TN  37901
(865) 524-4995

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:   DERON LITTLE

#16-31247 - SHB
Chapter 13

## MODIFICATION OF PLAN (DATED: 1-30-2017)

The debtor hereby modifies the Chapter 13 plan provisions filed in the case as follows:

__X__ The term of the plan is 60 months.

__X__ Debtor must stay current with post-petition tax obligations. Debtors shall timely file all required tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in automatic dismissal of the case.

__X__ Debtor shall provide Trustee evidence of all estimated tax payments (IRS form 1040-ES). Evidence of payment due to the Trustee as follows: January 30th, April 30th, June 30th, and September 30th of each year (15 days after the payment is due to the IRS).

__X__ Copies of signed federal income tax returns and attachments (including W-2's) as filed with the Internal Revenue Service shall be supplied to the Trustee's office annually, not later than April 30th of each year.

__X__ Amended budget due by February 28, 2017 showing Gettysvue income, Season's draws (for both Mr. & Mrs. Little), and a provision for estimated tax payments

__X__ Attorney fee payments: Trustee shall pay $5,000 attorney fees as a lump sum after confirmation and once approved by the Court. Thereafter, additional approved attorney fees will be paid at a rate of $500 per month.

__X__ Debtor required to file monthly operating business reports. As an addendum to the reports, debtor will supply an itemized list of monthly draws for both Mr. Little and Mrs. Little (listed separately for each spouse).

__X__ Debtor to supply copies of all Gettysvue paystubs to the Trustee. Copies of paystubs due to Trustee monthly.

__X__ Debtor shall file an Amended Budget if Gettysvue income ceases.

Notice to creditors is not required since modification does not adversely affect the rights of creditors or creditors have consented to modification. Any required notice to debtor(s) is the responsibility of debtor(s)' counsel.

_____
Attorney for Debtor(s)

_____
Chapter 13 Trustee

Creditor:_____
By:_____
Title:_____

Creditor:_____
By:_____
Title:_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:

**DERON LITTLE**                                                         **Bankruptcy No. 3:16-bk-31247-SHB**

CHAPTER 13 PLAN
❏ Original  ☒ Amended Pre-Confirmation  ❏ Modified Post-Confirmation

DATED: December 19, 2016

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of $3,200.00 on a _____ weekly; _____ bi-weekly; _X_ semi-monthly; or _____ monthly basis over a term of _____ months by _____ direct pay or _____ wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing of the plan; provided, however, debtor(s) shall make a full month of plan payments within 30 days from filing if the plan provides for the payment of filing fees; adequate protection payments, and/or secured creditor payments.

2. **TAX REFUNDS.** In addition to the above-plan payments in Paragraph 1, debtor(s) tax refunds and/or earned income creditors shall be paid into the plan as follows: _____ none; _____ all; or, _X_ in excess of $ 500.00 . A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund; provided, however, debtor(s) shall remit the required tax refund monies directly to the Trustee, if not intercepted. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor. In the event of a joint tax refund, the debtor must supply an affidavit from the non-filing spouse necessary for tax refund distribution herein. Federal income tax returns are to be timely filed with the IRS, complete copies of signed tax returns to be provided to the Trustee's office no later than April 30th of each year.

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as the debtor(s) shall retain possession of said property.

4. **PRIORITY AND ADMINISTRATIVE EXPENSES.** Such expenses under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(a) paid in full in deferred cash payments.

    a) Debtor(s)' **Chapter 13 attorney fees** shall be paid at the rate of $250.00 per hour plus expenses upon Application.

    b) **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim.

    c) **Domestic support obligation claims** shall be paid as priority; provided, however, any child support and/or alimony obligations which are current at the time of filing and are being paid

directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. 11 U.S.C. §507(a)(1)(B) domestic support obligations assigned to a governmental unit may be paid less than 100% in the event this is a five year plan providing for all disposable income; and, these specified assigned obligations are identified and shall be paid by the Trustee as follows:

_____
_____
_____

5. **POST-PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full. The debtor(s), however, must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be timely made. In the event the debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover tax liabilities. Debtor(s) shall timely file all required federal and/or state tax returns and remit any balance due with the return. Failure to comply with any of these provisions may result in the dismissal of the case upon motion by any governmental entity and/or Trustee.

6. **SECURED CREDITOR CLAIMS** shall be filed and administered in accordance with applicable Federal Rules of Bankruptcy Procedure, including but not limited to Rules 3001 and 3002.1. Per Local Bankruptcy Rule 3001-1(a) and (b), all creditors asserting a security interest in property of the debtor(s) and/or estate must, prior to the meeting of creditors, file proof that the asserted security interest has been perfected in accordance with applicable law, regardless of whether the plan proposes to pay the claim by the Trustee or directly by the debtor(s). Claims are subject to objection if they are not property documented and/or perfected regardless of confirmed plan treatment. Claims filed as secured but not given a secured plan treatment hereinafter shall be paid as unsecured.

7. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured:

_____
_____

8. **SECURED CLAIMS BY THIRD PARTY.** The Trustee shall make no payments on the following secured lien claims which shall be paid directly by the designated individual; provided, however, in the event of non-payment by the designated individual, an amended deficiency claim shall be allowed unless provided otherwise.

| **Creditor** | **Collateral** | **Designated Individual** |
|---|---|---|

9. **SURRENDERED REAL OR PERSONAL PROPERTY:** The debtor(s) surrenders the following collateral for sale/foreclosure by the secured creditor, and, unless noted otherwise, shall file and be paid an amended deficiency claim which shall relate back to a <u>timely</u> filed secured claim. In order for the amended deficiency claim to relate back to the original claim, the amended claim must be filed within one hundred twenty (120) days from the claims bar date unless the creditor during this time seeks and is granted additional time within which to file any amended deficiency claim.

| **Creditor** | **Collateral** |
|---|---|

10. **LONG TERM SECURED PERSONAL PROPERTY LIEN(S):** A long-term personal property lien (mobile homes or vehicles extending beyond plan term) exists in favor of _____ _____. The secured creditor shall be paid a monthly maintenance installment per the claim, but said installment is estimated to be $_____ per month; and, the estimated arrearage is $_____ which shall be paid in full per the claim in monthly installments of $_____ at _____% interest. This claim shall be paid _____ by the Trustee; or, _____ directly by the debtor(s). The lien shall survive the plan.

11. **SECURED PERSONAL PROPERTY CLAIMS:** The holders of the following secured liens shall be paid the secured amount, interest rate and monthly payment over the plan term. Any portion of the allowed claim exceeding the specified amount shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. If this case is dismissed or converted prior to completion, the lien is retained to the extent recognized by applicable non-bankruptcy law. Secured creditors eligible under 11 U.S.C. §1326(a)(1)(C) for pre-confirmation adequate protection payments shall be paid $50.00 a month until confirmation upon tendering the Trustee an adequate protection order.

| Creditor | Collateral | Amount | Payment | Interest Rate |
|---|---|---|---|---|
| Toyota Financial Serv. | 2008 Nissan 350Z | $26,459.13 (to be paid in full) | $525.00 | 6% |

12. **MORTGAGE CLAIMS:** Mortgage lien holders shall file claims per applicable Federal Rules of Bankruptcy Procedure (FRBP), including but without limitation, Rules 3001 and/or 3002.1. Claims shall be administered and paid by the Trustee in accordance with said rules, absent objection. Mortgage creditors receiving maintenance installments hereunder shall be paid the monthly mortgage installment payment per the claim; and the pre-petition mortgage arrearage claim amount shall be paid in equal monthly installments over the life of the plan unless a greater amount is specified. Creditors filing mortgage claims secured by debtor(s) principal residence shall file Mortgage Proof of Claim Attachment 410A (Attachment A); Notice of Mortgage Payment Changes on Form 4105-1 (Supplement 1); and Notice of Post-Petition Mortgage Fees, Expenses, and Charges on Form 4105-2 (Supplement 2). The Trustee shall pay any Notice of Payment Change filed per FRBP 3002.1(b) as of its effective date, absent or until resolution of any objection to the same. The Trustee shall pay any Notice of Post-Petition Mortgage Fees, Expenses and Charges filed per FRBP 3002.1(c), absent or until resolution of an objection or motion filed per FRBP 3002.1(e) to determine the validity of the fees, expenses and charges.

   (A) **PRINCIPAL RESIDENCE SECURED MORTGAGE(S) PER (11 U.S.C. §1322(b)(5)):** The debtor(s) own principal residential real property located at _____ _____ which is subject to a first mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____; and the estimated pre-petition mortgage arrearage is $_____ which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or, _____ directly by the debtor(s). The foregoing lien shall survive the plan. The debtor(s) have a second mortgage lien in favor of _____ _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____ which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan.

    **(B)**    **SECURED LONG-TERM MORTGAGE(S) OTHER THAN PRINCIPAL RESIDENCE:**
The debtor(s) own real property located at _____ which is subject to a first mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan. The debtor(s) have a second mortgage lien in favor of _____ whose estimated monthly mortgage payment is $_____, and the estimated pre-petition mortgage arrearage is $_____, which shall be paid in monthly installments of $_____ at _____% interest. This mortgage shall be paid _____ by the Trustee; or _____ directly by the debtor(s). The foregoing lien shall survive the plan.

    **(C)**    **STRIPPED MORTGAGE(S)/JUDGMENT LIEN(S):** The debtor(s) own real property located at _____ which is subject to a mortgage or judgment lien in favor of _____. This lien is not subject to any discharge exception, but is wholly unsecured and, is therefore avoided, stripped down and paid as a non-priority, unsecured creditor as provided for under this plan; and, the lien released by the creditor not later than 30 days after the completion of the plan and discharge of debtor(s).

    **(D)**    **MORTGAGE(S) JUDGMENT LIEN(S) TO BE PAID IN FULL OVER PLAN TERM.** The debtor(s) own real property located at _____, which is subject to a mortgage and/or judgment lien in favor of _____. The balance is estimated at $_____; however, the actual principal balance per the claim shall be paid in full over the plan term in monthly installments of $_____ at _____% interest. The lien shall be released by the creditor not later than 30 days after completion of the plan and discharge of the debtor(s).

**13.**    **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: _____ 0%; _____ 1%-5%; _____ 6%-20%; _____ 21%-70%; _____ 71%-100%; _X_ 100%.

**14.**    **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

| **Creditor** | **Approximate Balance** | **Monthly Payment** |
|---|---|---|
| | | |

**15.**    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured. **Assumed contracts, as follows, and are to be paid outside of the plan, directly by the debtor(s)** :

Hardin Valley Storage (storage unit)
JB Properties Management Group (residential lease)
Timothy M. Hill, Member (commercial lease)

**16.**    **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

17. **SPECIAL PROVISIONS:** Creditor, Kelsey Woods, shall:

   (a)   Be paid her claim of $64,000.00 as a general unsecured creditor through the Plan;

   (b)   Be paid 4% of any amount in excess of $1,600,000.00 gross sales of the debtor's business (Seasons) for the 12 month period ending March 31, 2017;

   (c)   Be paid direct the 4% as calculated over twenty-four (24) months beginning May 1, 2017 said amount being in addition to the $64,000.00 being paid by the Trustee through the plan; and

   (d)   Be awarded a non-dischargeable judgment for the above amounts ($64,000.00 plus 4% gross sales over $1,600,000.00) pursuant to 11 U.S.C. §523(a)(2) which, if not paid under the plan, shall survive this or any other bankruptcy by debtor.

12-19-16
Date

_____
Debtor

_____, Debtor(s) Attorney, State Bar Code No.000572
**WADE M. BOSWELL**
**Attorney for Debtor**
507 S. Gay Street, Suite 1215
Knoxville, TN 37901
865-633-5353